# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KEVIN KENNEY,

    Plaintiff,

vs.                                              No. CV 18-00491 KWR/KRS

CITY OF ALBUQUERQUE,
and CHRISTOPHER RODY,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING
## FEDERAL CLAIMS AND REMANDING STATE CLAIMS

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Complaint For Damages filed by Plaintiff, Kevin Kenney in the Second Judicial District Court, County of Bernalillo, State of New Mexico, and removed to this Court by the Defendants City of Albuquerque and Christopher Rody on May 25, 2018. (Doc. 1-1). The Court concludes that Plaintiff's Complaint fails to state a federal claim on which relief can be granted and Plaintiff's claims are barred by the *Heck* doctrine. The Court will dismiss all federal claims in Plaintiff's Complaint with prejudice and will remand any state law claims to the State of New Mexico, County of Bernalillo, Second Judicial District Court.

### 1. Factual and Procedural Background

Plaintiff Kevin Kenney is a prisoner in the custody of the State of New Mexico and serving a sentence of three years for Aggravated DWI (7th offense) and Improper Equipment. *State v.*

1

*Kenney*, No. D-202-CR-2016-03129.[1] Following his arrest, Kenney was indicted by a Grand Jury on charges of Aggravated DWI (7th offense), driving on a revoked license, and improper equipment. He was convicted by a jury on the DWI and improper equipment charges and Judgment was entered on his conviction on August 10, 2017. The New Mexico Court of Appeals affirmed his conviction and sentence on June 28, 2018. The State District Court also dismissed Kenney's habeas corpus petition on October 30, 2018, and the New Mexico Supreme Court denied certiorari on December 6, 2018. *See* No. D-202-CR-2016-03129.

Kenney filed his Complaint For Damages ("Complaint") challenging his New Mexico sentence in the Second Judicial District Court, County of Bernalillo, State of New Mexico. on April 10, 2018. (Doc. 1-1). Defendants timely removed the case to this Court on May 25, 2018, based on the existence of federal jurisdiction. (Doc. 1 at 1-2). Kenney's Complaint names, as Defendants, the City of Albuquerque and Albuquerque Police Officer Christopher Rody. (Doc. 1-1 at 1).

Kenney alleges that on September 8, 2016, Officer Rody pulled Plaintiff Kenney over for a tail-light violation and claimed that he observed signs that Kenney was intoxicated. Officer Rody asked Plaintiff Kenney to perform field sobriety tests and then arrested him for felony DWI. (Doc. 1-1 at 2). Plaintiff Kenney contends that Officer Rody's actions, including failure to obtain a blood alcohol test, and Rody's subsequent arrest of Kenney without probable cause violated Plaintiff Kenney's rights. (Doc. 1-1 at 5). Kenney asserts claims against Defendants for False Arrest and Imprisonment and Malicious Abuse of Process. (Doc. 1-1 at 6-7). He asks the Court to award

---

[1] The Court has reviewed the official record in Kenney's state court proceeding No. D-202-CR-2016-03129 through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records. *See United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007).

"[c]ompensatory damages against all Defendants jointly and severally on Mr. Kenney's claims." (Doc. 1-1 at 7).

## 2. **Standards for § 1915A and Failure to State a Claim**

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b).

The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under § 1915A and Fed. R. Civ. P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of*

*Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### 3. **Plaintiff's Civil Rights Claims Fail to State a Claim for Relief**

Plaintiff asserts constitutional claims under 42 U.S.C. § 1983. (Doc. 1 at 2). Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right.

Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Further, the United States Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, a municipality may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

In his Complaint, Plaintiff Kenney claims that "[t]he City of Albuquerque is directly responsible for the wrongful act upon Mr. Kenney by Officer Rody under the doctrine of *respondeat superior.*" (Doc. 1-1 at 6, ¶ 27). The Complaint does not allege liability against the City based on an official city policy that inflicted injury. *Monell*, 436 U.S. at 694. Kenney's Complaint, which seeks to impose vicarious liability on the City for the acts of Officer Rody, fails to state any § 1983 claim for relief against the City of Albuquerque. *Waller,* 932 F.3d at 1283.

5

Further, even if the Complaint stated a § 1983 claim against the City, all of the federal civil rights claims against the City of Albuquerque and Officer Rody are barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Kenney's prayer for relief specifically asks the Court to award him damages for his arrest, conviction, and incarceration. (Doc. 1-1 at 5-7). Kenney's request for relief clearly implies the invalidation of his New Mexico state conviction and sentence. Because a favorable ruling on Padilla's claims would require treating his State of New Mexico, Second Judicial District Court, sentence as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). Based on the *Heck* bar, the Complaint fails to state any federal claim for relief and all federal claims will be dismissed.

### 4. The Court Declines to Grant Leave to Amend

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity

to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiff's civil rights claims will still be barred by *Heck v. Humphry,* any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend in this case.

### 5. The Court Declines to Exercise Supplemental Jurisdiction and Will Remand Any State Law Claims

Plaintiff Kenney's Complaint alleges false arrest, imprisonment, and malicious abuse of process under New Mexico state law and the New Mexico Constitution in addition to his federal claims. (Doc. 1-1 at 5-6). Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. To the extent the Complaint alleges claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff Kenney's remaining state-law claims and will remand this case to the State of New Mexico, County of Bernalillo, Second Judicial District Court. *Osborn v. Haley,* 549 U.S. at 245.

**IT IS ORDERED:**

(1) all federal claims in the Complaint For Damages filed by Plaintiff, Kevin Kenney in the Second Judicial District Court, County of Bernalillo, State of New Mexico, and removed to this Court by the Defendants on May 25, 2018 (Doc. 1-1) are **DISMISSED with prejudice**;

(2) any state law claims are **REMANDED** to the State of New Mexico, County of Bernalillo, Second Judicial District Court; and

(3) this case is **CLOSED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE